FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 13, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIZABETH B., | No. 2:19-CV-00068-JTR |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 14, 15. Attorney Dana C. Madsen represents Elizabeth B. (Plaintiff); Special Assistant United States Attorney Jeffrey R. McClain represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **DENIES** Defendant's Motion for Summary Judgment; **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING PLAINTIFF'S MOTION - 1

42 U.S.C. §§ 405(g), 1383(c).

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on July 23, 2015. Tr. 16, 75. She alleged her disability began on November 1, 2011. Tr. 76, 86.[2] She stated that the following physical and mental conditions limited her ability to work: lower back, bilateral hip impairment (mainly right); right knee impairment; anxiety; and depression. Tr. 295. The applications were denied initially and upon reconsideration. Tr. 130-45. Administrative Law Judge (ALJ) Moira Ausems held a hearing on May 18, 2017 and heard testimony from Plaintiff and vocational expert Thomas Polsin. Tr. 35-72. The ALJ issued an unfavorable decision on February 6, 2018. Tr. 16-28. The Appeals Council denied review on December 28, 2018. Tr. 1-5. The ALJ's February 6, 2018 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff filed this action for judicial review on February 26, 2019. ECF No. 1.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 21 years old at the alleged date of onset. Tr. 76. Plaintiff completed her GED in 2010. Tr. 296. Her reported work history includes the position of janitor. *Id*. Plaintiff reported that she stopped working on October 1, 2013 because of her conditions, but had made changes to her work activity as early as November 1, 2011 due to her conditions. Tr. 295.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in

---

[2]Plaintiff's application for benefits does not appear in the record.

medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

**SEQUENTIAL EVALUATION PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. §§ 404.1520(a), 416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant

can make an adjustment to other work, and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, she is found "disabled." 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On February 6, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act from November 1, 2011 through the date of the decision.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 1, 2011, the alleged date of onset. Tr. 18.

At step two, the ALJ determined that Plaintiff had the following severe impairments: morbid obesity; mild lumbar facet arthropathy and degenerative changes; asthma; depressive disorder; generalized anxiety disorder with social phobia; and passive-dependent personality disorder. Tr. 19.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform a range of light work with the following limitations:

> [S]he could stand and walk in combination up to four hours in an eight-hour workday and sit up to six hours in an eight-hour workday, within the confines of breaks that would be included with alternating between sitting and standing. The claimant could occasionally balance, stoop, kneel, crouch, and climb ramps and stairs but never crawl or climb ladders, ropes, or scaffolds. The claimant must avoid concentrated exposure to extremes of humidity, cold, or heat, pulmonary irritants, and vibration. She is precluded from any exposure from hazards such as unprotected heights, dangerous moving machinery, or commercial driving. She should perform work limited to simple routine tasks or of

> a slightly more complex nature, i.e., up to lower semiskilled (SVP-3) in nature if the work is repetitive and does not require an ability to adapt to more than minimal routine changes. The claimant is unable to engage in more than superficial interaction and communication with the general public and co-workers.

Tr. 21. The ALJ found Plaintiff had no past relevant work. Tr. 26.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of small parts assembler, food sorter, and marking clerk. Tr. 27. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act from November 1, 2011, through the date of the ALJ's decision. *Id*.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly weigh Plaintiff's symptom statements and (2) failing to properly weigh the medical opinions in the record. ECF No. 14. Additionally, Plaintiff asserts that these errors were not harmless and requests the case be remanded for an immediate award of benefits. *Id*.

## DISCUSSION

**1.     Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were unreliable. ECF No. 14 at 14-16.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering,

the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 83 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms to be "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 23. The ALJ then went on to summarize Plaintiff's medical records. Tr. 23-25.

The initial issue the Court must resolve is identifying the ALJ's reasons for her determination that Plaintiff's symptom statements were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *See* Tr. 23. The phrase "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision," mimics the language set forth in the Social Security Ruling 16-3p: "In determining whether an individual is disabled, we consider all of the individual's symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record." The result of S.S.R. 16-3p, effective March 28, 2016, was to rescind S.S.R. 96-7p and remove the term "credibility" from the ALJ's subjective symptom evaluation process to ensure that a claimant's statements were being compared to the record for consistency rather than examining a claimant's character. However, S.S.R. 16-3p did not change regulations or the role of symptom statements in the five-step evaluation process. It simply "eliminat[ed] the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term. In doing so, we clarify that subjective symptom evaluation is not an examination of an individual's character. Instead, we will more closely

follow our regulatory language regarding symptom evaluation." S.S.R. 16-3p.

This change in the Social Security Ruling did not alter the regulations or the caselaw holding "[g]eneral findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834. The Ninth Circuit found that S.S.R. 16-3p did not change how the ALJ was to address a claimant's testimony:

> This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to "evaluate the intensity and persistence of symptoms after [the ALJ] find[s] that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms," and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness.

*Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) *citing* S.S.R. 16-3p.

The Ninth Circuit has specifically held that a generic non-credibility finding followed by a summary of the medical evidence does not meet the "specific" portion of the "specific, clear and convincing" standard. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). The Ninth Circuit held that when discussing a claimant's symptom testimony, "[t]he clear and convincing standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) citing *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (internal citations omitted).[3] Therefore, any reason the court must "infer" from the ALJ's decision as a reason for rejecting Plaintiff's testimony cannot meet the "specific, clear and convincing standard." *See Brown-Hunter*, 806

---

[3]The language in *Garrison* identifying the clear and convincing standard as the most demanding required in Social Security cases has been referenced by the Ninth Circuit in decisions since the March 28, 2016 effective date of the S.S.R. 16-3p. *See Trevizo*, 871 F.3d at 678 (citing *Garrison* in 2017).

ORDER GRANTING PLAINTIFF'S MOTION - 7

F.3d at 494 ("Although the inconsistencies identified by the district court could be reasonable inferences drawn from the ALJ's summary of the evidence, the credibility determination is exclusively the ALJ's to make, and ours only to review. As we have long held, '[W]e are constrained to review the reasons the ALJ asserts.'" citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

Only once did the ALJ specifically address evidence that undermined Plaintiff's symptom statements, finding that "[t]hese objective findings are inconsistent with her allegation of difficulty with sitting." Tr. 24. Objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects," but it cannot serve as the only reason for rejecting a claimant's symptom statements. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Therefore, inconsistency with the objective medical evidence alone is insufficient to meet the specific, clear and convincing standard.

Plaintiff and Defendant also assert that the ALJ indicated Plaintiff's reported activities were inconsistent with her symptom statements. ECF No. 14 at 15 (using the term "indicated"); ECF No. 15 at 4-5. In doing so, both parties cite to the ALJ's step three determination in which she addressed the "paragraph B" criteria of the 12.00 Mental Disorders – Adult listings. *Id*. *citing* Tr. 20-21. The "paragraph B" criteria addresses Plaintiff's limitations in understanding, remembering, or applying information, interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing oneself. 20 C.F.R. Part 404, Subpart P., App. 1 § 12.00(E). Here, the ALJ addressed Plaintiff's reported activities in making her determination that she had a mild limitation in understanding, remembering, or applying information, a moderate limitation in interacting with others, a moderate limitation in concentrating, persisting, or maintaining pace, and a mild limitation in adapting or managing oneself. Tr. 20-21. Nowhere in this section did the ALJ find that Plaintiff's activities undermined her reported symptoms. The parties appear to infer that the ALJ rejected Plaintiff's

statements based on her reported activities.  An inference is not enough.  *See supra*.  Therefore, this falls short of the specific, clear and convincing standard.

This case is remanded for the ALJ to properly address Plaintiff's symptom statements.

**2.    Medical Opinions**

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinions expressed by John Arnold, Ph.D., Beverly Allen, M.D., and the Disability Determination Services medical and psychological consultants.  ECF No. 14 at 16-18.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830.  The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician.  *Id.*

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion.  *Lester*, 81 F.3d at 830-31.  The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct."

*Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

A.   **John Arnold, Ph.D.**

On April 20, 2015, Dr. Arnold completed a Psychological/Psychiatric Evaluation form for the Washington Department of Social and Health Services. Tr. 655-59. He completed a clinical interview and a mental status examination. Tr. 665-56, 658-59. He opined that Plaintiff had a marked limitation in five basic work activities and a moderate limitation in another six basic work activities. Tr. 657. He rated the overall severity of the mental impairments as marked. *Id*. He stated that Plaintiff would be impaired at the above level for 12 months with available treatment. Tr. 658.

The ALJ gave the opinion little weight because "[h]is opinion was based on a one time cursory review of the claimant, he filled out a check box form without providing explanation of his rating, and his ratings are inconsistent with all other acceptable medical source opinions and the objective evidence." Tr. 25-26. In coming to this conclusion, the ALJ failed to elaborate on any of these four reasons. She failed to state how a clinical interview and mental status examination was "a cursory review" and inadequate to support the opinion. She failed to state how the opinion was inconsistent with Dr. Arnold's evaluation or the other evidence in the record. Therefore, these three reasons did not rise to the specific and legitimate standard as set forth in Ninth Circuit caselaw. *See Magallanes*, 881 F.2d at 751; *Embrey*, 849 F.2d at 421-22.

Without stating how the opinion is inconsistent with Dr. Arnold's evaluation or the objective medical evidence, the ALJ's rationale that the opinion was expressed on a check box form is also insufficient to support rejecting the opinion. The Ninth Circuit has expressed a preference for narrative opinions over opinions expressed on a check-the-box form. *See Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983). However, check-the-box forms that do not stand alone, but are supported by records should be "entitled to weight that an otherwise unsupported

and unexplained check-box form would not merit." *Garrison*, 759 F.3d at 1013.

Upon remand, the ALJ will readdress Dr. Arnold's opinion.[4]

### B. Beverly Allen, M.D.

On November 28, 2015, Dr. Allen completed a psychological consultative evaluation and diagnosed Plaintiff with social phobia and generalized anxiety disorder. Tr. 638-41. She opined that "[t]here is a strong possibility that the psychiatric issues of depression and anxiety can be treated. There is a good likelihood of recovery with treatment and medications." Tr. 641. She further stated that Plaintiff "would have difficulty interacting with the public," and "would have difficulty dealing with the usual stress encountered in the workplace." *Id*. The ALJ gave the opinion "substantial weight." Tr. 25.

Plaintiff argues that Dr. Allen's conclusion is consistent with Dr. Arnold's conclusion, and supports a finding of disability. ECF No. 14 at 16. Plaintiff failed to provide any support for her assertions. However, in light of the case being remanded for further consideration of Dr. Arnold's opinion, the ALJ will readdress Dr. Allen's opinion on remand.

### C. Disability Determination Consultants

Plaintiff challenges the substantial weight assigned to the opinions from the Disability Determination Services (DDS) medical and psychological consultants,

---

[4]The Court acknowledges that Plaintiff failed to challenge all four reasons the ALJ provided for rejecting Dr. Arnold's opinion. ECF No. 14 at 16. Typically, the Court will not consider what is not specifically challenged by the plaintiff. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). However, since the case is being remanded for additional proceedings to address Plaintiff's symptom statements, the Court takes the opportunity to address Dr. Arnold's opinion and the ALJ's rationale for rejecting it in full.

arguing that the opinions are unsigned and it is unclear in the record what evidence was available for the consultants to review. ECF Nos. 14 at 17, 16 at 8-9.

The Social Security Program Operations Manual System (POMS) allows for electronic signatures on determination forms: "determination forms prepared electronically using a case processing system with approved electronic signatures do not require a written signature." POMS DI 81020.130(C). The Court leaves the validity of these signatures up to the ALJ on remand. *Andrews*, 53 F.3d at 1039 (the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities). Additionally, each Disability Determination Explanation form includes a summary of the evidence in the record at the time of the determination. Tr. 77-80, 87-90, 104-06, 118-20. Since the Court is remanding the case to further address the opinions of Dr. Arnold and Dr. Allen, the ALJ will also readdress the opinions from the Disability Determination consultants.

**REMEDY**

Plaintiff asks the Court to apply the credit-as-true rule and remand this case for an immediate award of benefits. ECF Nos. 14 at 18-19.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Under the credit-as-true rule the Court may remand for benefits where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant

disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, Plaintiff's symptom statements need to be properly addressed, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. Therefore, a remand for additional proceedings is appropriate. The Commissioner will supplement the record with any updated or outstanding medical evidence, make a new determination regarding the reliability of Plaintiff's symptom statements considering the record as a whole, readdress the opinion evidence in light of the record as a whole, and call a vocational expert to testify at any supplemental hearings.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED, in part,** and the case is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED March 13, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE